HAWKINS, Circuit Judge,
dissenting:
Because I believe that Officer Coss had probable- cause to arrest Wheeler for the crime of harassment, I respectfully dissent.
“The test for whether probable cause exists is whether at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man believing that the [accused] had committed ... an offense.” United States v. Jensen, 425 F.3d 698, 704 (9th Cir.2005) (internal citation omitted). Here, Officer Coss had reason to believe that Wheeler had knowingly threatened to cause bodily injury to Brown and had put Brown in reasonable fear that the threat would be carried out. See Nev.Rev.Stat. § 200.571; Reno Mun.Code § 8.08.025.
Although ambiguous, Wheeler’s statement he was “going to come home and take care of [Brown]” could imply an intent to harm, especially if uttered by an angry, estranged husband. Threats have everything to do with context, as our sister circuits have recognized, so facially innocuous statements may in fact constitute threats based on the surrounding circumstances. See United States v. Cothran, 286 F.3d 173, 175-76 (3d Cir.2002) (“[T]he use of ambiguous language does not preclude a statement from being a threat.” (quoting United States v. Fulmer, 108 F.3d 1486, 1492 (1st Cir.1997))).
Moreover, after Wheeler’s phone call, Brown was frightened to the point where she took her children and left the house, refusing to enter it again until it had been searched by the police. Even assuming *423 Brown may have overreacted to Wheeler’s statement, from Officer Coss’s perspective at the time her behavior indicated at least a genuine subjective fear, from which Coss could reasonably infer that Wheeler must have said something in such a way as to instill a reasonable fear the threat would be carried out.
The majority is correct that “officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness’ knowledge or interview other witnesses.” Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir.2001). However, “a sufficient basis of knowledge is established if the victim provides facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator.” Peng v. Mei Chin Penghu, 335 F.3d 970, 978 (9th Cir.2003) (internal quotation omitted). Brown’s statements regarding what transpired on the phone with Wheeler were sufficiently definite and descriptive to establish that a crime had been committed. Although Wheeler himself was the only witness to the conversation, Brown’s complaint was corroborated by the Caller ID and by her behavior immediately following the conversation. When asked, Wheeler admitted he had called Brown and discussed some financial issues with her. Thus, overall, Brown’s statements were sufficiently specific and sufficiently corroborated for Officer Coss to rely on them to establish probable cause for the crime of harassment.
The majority relies heavily on Wheeler going to the police substation and requesting a police escort home to undermine the reasonableness of the arrest. Although this action may have indicated Wheeler did not actually intend to harm Brown that evening or that he changed his mind after making the statement he did, the crime of harassment does not require an intention to carry out the threat — it is the making of the threat that violates the statute, so long as the words place the recipient in reasonable fear the threat will be carried out. Wheeler’s later actions are simply irrelevant to whether Officer Coss reasonably believed Wheeler had harassed Brown with the earlier phone call.
I would conclude that the district court erred in denying Coss’s motion for summary judgment on the basis of qualified immunity.